UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **RON BACON, et al,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | Case No. 09-CV-0777-CVE-FHM |
| ) | |
| **TCIM SERVICES, INC., et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## OPINION AND ORDER

Now before the Court is Defendants TCIM Services, Inc., and AT&T Services, Inc.'s Partial Motion to Dismiss Plaintiffs' Age Discrimination, *Burk* Tort Public Policy, and Interference with Contractual Relationship Claims (Dkt. # 17). Defendants TCIM Services, Inc. (TCIM) and AT&T Services, Inc. (AT&T) ask the Court to dismiss plaintiffs' claim under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et seq., certain parts of plaintiffs' claim for wrongful discharge in violation of an Oklahoma public policy, and plaintiffs' claim of intentional interference with contractual relationship against TCIM.

**I.**

Plaintiffs Ron Bacon, Kenya Gaddis, and Jim Yates were employed by TCIM at a call center located in Tulsa, Oklahoma.[1] Dkt. # 3-2, at 5. They allege that their primary duties were customer service, making sales, and maintaining customer accounts. Id. Plaintiffs claim that TCIM paid

---

[1] Plaintiffs allege that they were employed by TCIM, but AT&T exercised "control over [TCIM's] operations and employment decisions" and should be treated as a joint employer. Dkt. # 3-2, at 5. The Court will refer to TCIM as plaintiffs' employer. However, the Court notes plaintiffs' argument that TCIM and AT&T were joint employers of plaintiffs and is not making any finding on this issue in this Opinion and Order.

plaintiffs only for their scheduled work hours, even though plaintiffs were required to "perform before work, during meal breaks, after work and on weekends . . . ." Id. at 7. They allegedly accumulated overtime hours, but TCIM refused to compensate plaintiffs for any work performed outside of regularly scheduled work hours. Plaintiffs claim that TCIM promised to pay plaintiffs commissions and bonuses based on their sales of certain products, but TCIM refused to pay the bonuses. Id. at 8-9. Plaintiffs also state that their TCIM promised to pay them a bonus of $950 per month if they worked every scheduled shift, but TCIM never paid such a bonus. Id. at 9.

It appears from the allegations of the amended petition that plaintiffs' employments were terminated, and plaintiffs allege that one or all of the plaintiffs was discharged due to age discrimination and for exercising their rights under the Family and Medical Leave Act, 29 U.S.C. § 2601 et seq. (FMLA), the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. (FLSA), and/or the Oklahoma Protection of Labor Act, OKLA. STAT. tit. 40, § 165.1 et seq. (OPLA). Plaintiff Yates alleges that TCIM discriminated him against on the basis of his age and for taking leave under the FMLA. The amended petition alleges that defendants "harassed and ridiculed" Yates, fired him due to his age, and replaced him with an employee younger than 40 years of age. Dkt. # 3-2, at 11. Plaintiffs also allege that defendants, including Ameriflex, Inc. (Ameriflex), failed to comply with the Employee Retirement Income Security Act, 29 U.S.C. § 1001 et seq. (ERISA), and the Consolidated Omnibus Budget Reconciliation Act, 29 U.S.C. § 1161 et seq. (COBRA), by failing to notify plaintiffs of their right to continued medical coverage after termination.

On October 30, 2009, plaintiffs Ron Bacon, Kenya Gaddis, Juan Johnson,[2] and Jim Yates filed this case in Tulsa County District Court, alleging only an OPLA claim against TCIM on behalf of themselves and other similarly situated persons. Dkt. # 3-3, at 5. Before serving the petition on TCIM, plaintiffs Bacon, Gaddis, and Yates filed an amended petition asserting ten claims against TCIM, AT&T, and Ameriflex: failure to pay overtime in violation of the OPLA (Count I); failure to pay overtime in violation of the FLSA (Count II); breach of contract (Count III); interference with contractual relationship (Count IV); fraud and/or misrepresentation (Count V); age discrimination in violation of the ADEA and Oklahoma law (Count VI);[3] termination of employment in violation of the FMLA (Count VII); retaliation (Count VIII); failure to give notice in violation of ERISA and COBRA (Count IX); and a Burk tort for wrongful discharge in violation of an Oklahoma public policy (Count X). On December 9, 2009, defendants removed the case to federal court on the basis of federal question jurisdiction and filed a partial motion to dismiss (Dkt. # 17).

---

[2]   Juan Johnson was not named as a plaintiff in the amended petition and he is no longer a party in this case.

[3]   In Count VI, plaintiffs allege an age discrimination claim under the Oklahoma Anti-Discrimination Act, OKLA. STAT. tit. 25, § 1101 (OADA). However, the OADA creates a private right of action for victims of "handicap" discrimination only, and does not provide a private right action for victims of any other type of employment discrimination. Saint v. Data Exchange, 145 P.3d 1037 (Okla. 2006). The Oklahoma Supreme Court has recognized a tort claim for wrongful discharge in violation of an Oklahoma public policy, also known as a Burk tort, and has expressly held that alleged victims of age discrimination may file a Burk tort. Kruchowski v. Weyerhaeuser Co., 202 P.3d 144 (Okla. 2008). Plaintiffs have also alleged a Burk tort based, in part, on alleged age discrimination, and this is the appropriate state claim to pursue allegations of wrongful termination based on age discrimination.

**II.**

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level." Id. (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 562. Although decided within an antitrust context, the United States Supreme Court recently held that Twombly "expounded the pleading standard for all civil actions." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009). For the purpose of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to claimant. Twombly, 550 U.S. at 555; Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). However, a court need not accept as true those allegations that are conclusory in nature. Erikson v. Pawnee County Bd. Of County Comm'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1109-10 (10th Cir. 1991).

**III.**

Defendants ask the Court to dismiss plaintiffs' ADEA claim (Count VI), parts of plaintiffs' Burk tort (Count X), and plaintiffs' intentional interference with contractual relationship claim (Count IV) against TCIM under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Plaintiffs respond that they have alleged sufficient facts to state each of their claims and have identified an Oklahoma public policy, the OPLA, in support of a Burk tort. Plaintiffs also state that they are not asserting a claim of intentional interference with contractual relations against TCIM.

**A.**

Defendants argue that plaintiffs have not stated a claim of age discrimination under the ADEA, because plaintiffs' amended petition does not allege sufficient facts to state a plausible claim. Plaintiffs respond that they have alleged sufficient facts to put defendants on notice of the conduct constituting age discrimination and, if the Court finds that plaintiffs' age discrimination claim should be dismissed, plaintiffs request leave to file a second amended complaint.

The amended petition contains several general allegations supporting plaintiffs' age discrimination claim and plaintiffs assert that these allegations are sufficient to state a claim under the ADEA. The amended petition states that:

> 60. Plaintiff Yates and other similarly situated individuals were also subjected to unlawful discrimination in their employment with Defendants TCIM and AT&T on the basis of their age (over 40).
>
> 61. Defendants TCIM and AT&T discriminated against Plaintiff Yates and other similarly situated individuals on the basis of their age (over 40) by terminating Plaintiff [Yates] and similarly situated individuals on the basis of their age (over 40).
>
> 62. Defendants TCIM and AT&T harassed and ridiculed Plaintiff Yates and the similarly situated individuals on the basis of their age (over 40).
>
> . . .

5

> 107. Plaintiff Yates and other similarly situated individuals are members of a group of persons (over forty (40) years of age) who are protected within the meaning of [OKLA. STAT. tit. 25, § 1301 et seq.] and 29 U.S.C. § 621 et seq.
>
> 108. Plaintiff Yates and other similarly situated individuals who are over the age of forty (40) were treated differently and less favorably than employees who were under the age of forty (40) on the basis of age.
>
> 109. A substantial and/or motivating factor in the Defendants TCIM and AT&T decision to discharge Plaintiff Yates and several other similarly situated individuals Plaintiffs who were over the age of forty (40) was because of their age.[4]
>
> 110. By terminating several of these Plaintiffs and other similarly situated individuals and treating them differently than similarly situated employees, Defendants TCIM and AT&T have violated the Age Discrimination in Employment Act of 1967 and Oklahoma's Anti Discrimination Act.

Dkt. # 3-2, at 11, 17. These allegations do not provide TCIM or AT&T any notice of the facts on which plaintiffs are relying to support their claims of age discrimination. The factual allegations of the amended petition closely resemble legal conclusions and, when reviewing a motion to dismiss under Rule 12(b)(6), the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." Twombly, 550 U.S. at 555 (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)); see also Iqbal, 129 S. Ct. at 1949 ("the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). While plaintiffs are correct that Twombly does not impose a demanding pleading standard, they must still state a claim that is plausible on its face and allege enough facts to support a claim that defendant has unlawfully

---

[4] Based on this allegation, plaintiffs have not stated a claim of age discrimination under the ADEA, because the mixed motive analysis announced in Price Waterhouse v. Hopkins, 490 U.S. 228 (1989), does not apply to claims under the ADEA. A plaintiff asserting an age discrimination claim under the ADEA retains the "burden of persuasion to establish that age was the 'but-for' cause of the employer's adverse action." Gross v. FBL Financial Servs., Inc., 129 S.Ct. 2343, 2351 (2009). It is not clear if Gross applies to plaintiffs' Burk tort, but plaintiffs may not proceed under a mixed motive theory on their ADEA claim.

6

discriminated against them. After Twombly, courts have required plaintiffs in any type of case to "nudge their claims across the line from conceivable to plausible," and do more than recite the prima facie elements of a claim. Robbins v. Oklahoma, 519 F.3d 1242, 1249 (10th Cir. 2008). This is not a heightened pleading standard but, rather, it is the standard applicable to all complaints filed in federal court. Plaintiffs' generic allegations of age discrimination do not provide defendants any notice of the substance of plaintiffs' age discrimination claim, and plaintiffs' ADEA claim should be dismissed for failure to state a claim.

Plaintiffs request leave to file a second amended complaint reasserting their ADEA claim against TCIM and AT&T in compliance with Twombly. Under Fed. R. Civ. P. 15(a), a district court "should freely give leave [to amend] when justice so requires." The Court's decision to allow leave to amend is discretionary, and the Court is not required to grant plaintiffs leave to amend if the amendment would be futile. Anderson v. Merrill Lynch Pierce Fenner & Smith, Inc., 521 F.3d 1278, 1289 (10th Cir. 2008); Brereton v. Bountiful City Corp., 434 F.3d 1213, 1219 (10th Cir. 2006). The Court finds that plaintiffs should be given leave to file a second amended complaint realleging their age discrimination claims. Plaintiffs' response contains factual allegations not included in the amended petition, suggesting that plaintiffs' proposed amendment would not be futile, see dkt. # 23, at 6-7, and plaintiffs may be able to state a claim under the ADEA or a Burk tort based on age discrimination.

**B.**

Defendants ask the Court to dismiss plaintiffs' Burk tort to the extent that plaintiffs rely on federal law to establish the public policy of Oklahoma. Plaintiffs respond that the OPLA provides

7

a basis for their Burk tort, but they do not address defendants' argument concerning the use of a federal statute to establish an Oklahoma public policy.[5]

The Oklahoma Supreme Court recognized a claim for wrongful discharge in violation of an Oklahoma public policy in Burk v. K-Mart Corp., 770 P.2d 24 (Okla. 1989). An employer may be subject to tort liability for discharging an at-will employee if the employee is "discharged for refusing to act in violation of an established public policy or for performing an act consistent with a clear and compelling public policy." McCrady v. Oklahoma Dep't of Public Safety, 122 P.3d 473, 475 (Okla. 2005). A court must look to "state constitutional, statutory, or decisional sources" to determine if a plaintiff has alleged a violation an articulated Oklahoma public policy. Darrow v. Integris Health, Inc., 176 P.3d 1204, 1210 (Okla. 2008). "A federal statute, standing alone, does not articulate Oklahoma's public policy." Id. at 1212 (emphasis omitted).

Plaintiffs cite the FMLA, COBRA, and ERISA as sources of an Oklahoma public policy in support of their Burk tort, but have not identified any Oklahoma constitutional provision, statute, or judicial decision suggesting that these federal statutes represent the public policy of Oklahoma. Dkt. # 3-2, at 19-20. The absence of an Oklahoma analog to the FMLA, COBRA, and ERISA suggests that there is not an established Oklahoma public policy prohibiting the same conduct as a matter of state law. See McKenzie v. Renberg's, Inc., 94 F.3d 1478, 1488 (10th Cir. 1996). Plaintiffs argue that the OPLA qualifies as an Oklahoma public policy for the purpose of a Burk tort, but defendants have not asked the Court to dismiss plaintiffs' Burk tort to the extent it is based on

---

[5] Plaintiffs seem to misunderstand the scope of the argument raised in defendants' motion to dismiss. Defendants are not asking the Court to dismiss plaintiffs' Burk tort in full. Instead, defendants limit their request for dismissal of plaintiffs' Burk tort to "the extent it is based on the FMLA, ERISA, and/or COBRA . . . ." Dkt. # 26, at 2.

the OPLA. Instead, defendants have asked the Court to dismiss plaintiffs' Burk tort only insofar as plaintiffs rely on the FMLA, COBRA, and ERISA as public policies of Oklahoma. Darrow establishes that a federal statute, standing alone, does not show that Oklahoma has an articulated public policy prohibiting certain conduct, and plaintiffs' Burk tort should be dismissed to the extent they rely on the FMLA, COBRA, and ERISA as articulated public policies of the state of Oklahoma.

**C.**

TCIM asks the Court to dismiss plaintiffs' claim of intentional interference with contract against it, because TCIM was a party to the employment contract forming the basis for this claim. To state a claim of intentional interference with business or contractual relations, a party must allege: (1) that the party "had a business or contractual right with which there was interference"; (2) "[t]hat the interference was malicious and wrongful, and that such interference was neither justified, privileged nor excusable"; and (3) "[t]hat damage was proximately sustained as a result of the complained-of interference." Mac Adjustment, Inc. v. Prop. Loss Res. Bureau, 595 P.2d 427, 428 (Okla. 1979); Navistar Int'l Transp. Corp. v. Vernon Klein Truck & Equip., 919 P.2d 443, 446 (Okla. Civ. App. 1994); see Dill v. Edmond, 155 F.3d 1193, 1207-08 (10th Cir. 1998). A claim of tortious or intentional interference with contract may be brought only against a third party to the contract. Voiles v. Santa Fe Minerals, Inc., 911 P.3d 1205, 1210 (Okla. 1996); Ray v. American Nat'l Bank & Trust Co. of Sapulpa, 894 P.2d 1056, 1060 (Okla. 1994).

Plaintiffs argue that TCIM's motion to dismiss is moot on this issue, because they are not alleging a claim of intentional interference with contract against TCIM. This is not clear from plaintiffs' amended petition, and a plain reading of the amended petition shows that plaintiffs are alleging a claim of intentional interference with contract against TCIM. Dkt. # 6-2, at 15 ("As a

9

direct and proximate result of Defendants TCIM and AT&T's actions, Plaintiffs and the similarly situated individuals have suffered damages and are entitled to recovery of all damages or other relief allowed by Oklahoma law."). It is clear that plaintiffs cannot state a claim of intentional interference with contract against TCIM, because TCIM is a party to the employment contract forming the basis for such a claim. Contrary to plaintiffs' assertion, TCIM's motion to dismiss is not moot to the extent that TCIM requests dismissal of plaintiffs' intentional interference with contract claim, and the Court finds that TCIM's motion to dismiss this claim should be granted.

**IT IS THEREFORE ORDERED** that Defendants TCIM Services, Inc., and AT&T Services, Inc.'s Partial Motion to Dismiss Plaintiffs' Age Discrimination, *Burk* Tort Public Policy, and Interference with Contractual Relationship Claims (Dkt. # 17) is **granted**. Counts VI and IV of the amended petition are hereby dismissed, and Count X is dismissed only insofar as it relies on federal statutes as public policy of Oklahoma.

**IT IS FURTHER ORDERED** that plaintiffs may file a second amended complaint no later than **March 17, 2010**.

**DATED** this 10th day of March, 2010.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT